No. 94.—Beers & Bogart, *et. al.* plaintiffs in error, *vs.* Edward L. Strohecker, adm'r, defendant in error.

[1.] Equity may interpose on the application of an administrator, and enjoin suits of creditors, and by a decree adjust the rights of all, in cases of great complication and difficulty: and when the intestate's estate is involved in two partnerships, and the plea of *plene administravit præter* is pleaded, and the solvency of the estate doubtful, such a case is presented.

[2.] Although the bill of the administrator may not be as explicit as it should be, in respect to his diligence in the administration, yet if enough appears to show that the difficulties attending the administration are not chargeable to him, a Court of Equity will come to his relief.

In Equity, in Bibb Superior Court. Decision on demurrer, by Judge Powers, at May Term, 1856.

Bill for direction, injunction and relief, filed by Edward L. Strohecker, administrator of Alexander Scott, deceased, against Beers & Bogart, and numerous other defendants, creditors of said deceased.

The bill alleges that complainant's intestate, late of the city of Macon, departed this life some years ago, leaving his affairs greatly complicated, and his estate much embarrassed and indebted.

That at the time of his death he had an interest as lessee in the *Lanier House,* in the city of Macon, with William Dibble; said hotel being conducted under the name of Scott & Dibble, which business remains unsettled; he was also the ostensible individual owner and proprietor of the Bar and Billiard rooms attached to said Lanier House, and from which deceased in his life time realized considerable profits, and complainant has since intestate's death collected from the accounts due said Bar and Billiard room and from the sale of articles and property belonging thereto, large sums of money; but one *Charles C. Usher* claims to have been a partner in said business and entitled to one-third of the profits thereof, and has a bill now pending against complainant for his share of the profits and assets of said alleged partnership. That Beers & Bogart, and other creditors, having large claims against deceased, have brought suits against complainant as administrator, which are now pending on the appeal in the Superior Court of Bibb county; and the bill contains a list of the names of some thirty or forty other creditors, whose claims and demands are not yet sued on.

That complainant has collected about $4,150, and there are assets and accounts remaining uncollected, amounting to about $2,000, but most of which are desperate and doubtful.

That the debts against said estate which have come to complainants knowledge, amount to $11,485 66, of which $7,372 32, consist of notes and $4,112 24, on accounts. That the amount in suits, pending against him is about $6,000, of which $3,712 44, are on accounts.

That said Usher has filed his bill, enjoining a suit at law, by complainant against him, and in which bill he sets up his claim as a partner in said Bar and Billiard concern, to one-

third of the net profits, which he alleges amounts to $2,896 50, and that a large amount of the money received and collected by complainant, has been from the business of said Bar and Billiard room, and he claims that partnership assets shall be first applied to partnership debts and liabilities; and a large portion of the debts against said deceased are on account of this business.

That complainant is at a loss what debts to pay and the order in which they are entitled to be discharged. He prays for direction—that the creditors may be called in and their demands audited—the assets of the estate marshalled, and applied and paid out under and by the order and direction of the Court; and that the suits pending at law be enjoined.

There was a *demurrer* to this bill on the grounds :

1st. That there is no equity in the bill.

2d. That the injunction should not be granted, because there has been no general decree against complainant, in favor of the creditors of said deceased, under which defendants can come in and prefer their claims against said estate.

3d. That said bill and injunction cannot be sustained until defendants have obtained judgments at law, and it does not appear from the bill that such has been done.

4th. That the injunction cannot be sustained as to the debts on account of the Bar and Billiard business.

5th. That the bill shows that complainant has used no diligence and is therefore not entitled to relief in equity.

6th. That he has not availed himself of his legal defences at common law.

After argument, on said demurrer, the Court overruled the same, on all and each of said grounds, and ordered and adjudged that said bill do proceed, and that the injunction be retained ; to which decision defendants excepted.

LANIER & ANDERSON ; and WHITTLE, for plaintiffs in error.

RUTHERFORD ; and COLE, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] This bill is filed to ask the Court to protect complainant in the administration of his intestate's estate, and praying that it may be settled under a decree of the Court, and under circumstances which will allow all creditors to present their demands and be paid according to their legal priority. That executors and administrators may resort to chancery for such object under certain circumstances, is unquestionable. Does the case made by complainant's bill entitle him to appeal to a Court of Equity for relief? The intestate, at his death, left his affairs greatly embarrassed ; and complicated with two partnerships, one in a hotel, and the other in a Bar and Billiard room. The complainant, as administrator has been notified of debts due by his estate amounting to $11,485 66 ; *of this,* the sum of $7,372 93, is due by note or written obligation, and the balance $4,112 74, is due on accounts. Assets of all sorts, including receipts of Bar and Billiard room prior to the sale are $6,052 76, of which the amount of $1759 79, are mostly worthless.

Of the liabilities above stated, the sum of $6,269 46, are on account of the Bar and Billiard room, the balance was due by intestate individually.

Complainant sued Charles C. Usher, who had charge of the Bar, for the sum of $2.500 received by him at the Bar. Usher instituted a suit in Chancery, returnable to May Term, 1854, claiming to have been a partner of the intestate in the Bar and Billiard room, alleging that twenty-eight hundred and ninety-six dollars and fifty cents are due him as his share of the net profits. He claims his proportion of the stock on hand, &c. Since this litigation commenced, complainant was sued by the plaintiffs in error, He has entered defences to said suits and pleaded *plene administravit præter,* &c. &c. The bill alleges the large number of creditors of intestate, &c.

The complainant has collected and held ready to distribute for more than twelve months, the sum of $4,148 15, but owing to the suits pending in Law and Equity against him, he cannot safely pay it out.  He was unapprised of Usher's partnership with his intestate, in the Bar and Billiard room. From the nature of that business, carrying it on in his own name while Usher was secretly a partner, the debts are seemingly his individual debts, while the partnerships funds and effects are liable to pay them, and if that partnership exists, an account thereof must first be taken, its debts paid, and Usher's interest in the profits must be adjusted with him before any part can be applied to the payment of intestate's individual debts.  There are numerous creditors of the intestate, and five suits have been instituted against complainant as his administrator, and although the plea of *plene administravit præter,* has been filed to these suits, it is obvious, that it will be attended with great expense, trouble, and harrassment to try the issue made by that plea in each case, as well as in cases that may be hereafter instituted.  It is better for all concerned, and will prevent litigation and costs, to have all the cases tried in one suit, at a time, and under circumstances, which will enable the Court to pass fully and definitively on the rights and interests of all.  The bill presents just such a case of complication and difficulty as calls for the interference of a Court of Equity.  9. *Ga. Rep.* 393. 14. *Ib.* 326.    *Story Eq. Ju.* §543.

[2.] So far as the argument is concerned, which is based on the objection of *laches* on the part of the administrator in administering the estate, we will remark that the bill is not as explicit as it ought to have been in respect to the time of the administration, but still enough appears to show that the main embarrassment in his way, is the bill filed by Charles C. Usher in 1854, claiming to be a partner in the Bar and Billiard business.  This must have been without the fault of the administrator, and yet it is necessary that that matter should be determined before the administrator can, under

the circumstances of his intestate's affairs, settle with the creditors.

Judgment affirmed.