JOHNSON, administrator, *vs.* FLANDERS *et al.*

A bill filed by an administrator against creditors of the estate, alleged, in brief, as follows : The intestate died in possession of both real and personal property. The administrator advertised some of the realty for sale, but claims were interposed and sustained. The balance, the title to which is in litigation, has been set apart as a homestead to the family. The administrator has sold the perishable property, and collected some of the accounts due the estate ; some others can be collected, and some cannot. A year's support has been allowed the family. Supposing the estate solvent, he paid some debts, but it has turned out to be insolvent. There are numerous debts pressing against the estate and claiming priorities and liens, some of which are very doubtful. One debt has been reduced to judgment, and the *fi. fa.* levied on the land in litigation, as above stated. Other suits and complications will follow. The object of the bill was to marshal the assets, to enjoin the creditors from proceeding against him, and to obtain direction as to the mode of payment and of administering the assets :

*Held*, that there was equity in the bill, and it should not have been dismissed on demurrer.

Equity. Administrators and executors. Before Judge JOHNSON. Johnson Superior Court. March Term, 1880.

Johnson, administrator, filed his bill agains Flanders *et al.*, alleging substantially the facts set out in the head-

note.    On demurrer the court dismissed the bill, and complainant excepted.

E. O. BOSTICK; J. K. HINES, by Z. D. HARRISON, for plaintiff in error.

No appearance for defendants.

JACKSON, Chief Justice.

This bill was filed by the  plaintiff in error to marshal the assets of an estate, and to enjoin the creditors thereof in the meantime  from  ruining  the  estate  by a multiplicity  of  suits,  and  the  enforcement  of  liens of various dignity.    The  estate is insolvent.    There  are  claims cf physicians' bills for services in last sickness from different doctors, and  other liens of greater or less dignity.    The immediate  cause of its having been brought by the administrator seems to be that he had been sued  and judgment rendered  and  execution  levied  on a tract of land, and the  prayer of the  bill is to stay this  creditor as well as others who  have sued or  are threatening to sue.    On demurrer the court dismissed the bill, and  therein we think that  the  court erred.    To adjust  the  several claims of creditors, to  avoid a multiplicity of  suits, to marshal  the assets of the  insolvent estate, to protect the  rights of all the creditors, and to save himself from serious embarrass-ments and imminent  danger of loss to  him  and  his sure-ties, it was the duty and the  right of the administrator to file the bill and settle the estate in equity.    Code, §3146; 9 *Ga.*, 377;  14 *Ib.*, 323;  45 *Ib·*; 205;  41 *Ib.*, 630.

It will be observed that so'me  debts  may be of higher dignity than the judgments obtained in the lifetime of the intestate, and even as to those defendants the court  may not have  rightfully  dismissed  the bill ; but in respect to the great body of the defendants it should  have been re-tained  beyond a doubt.

We do not  think  that the  facts *in  the  bill*, which are

true for the purposes of the demurrer, make such laches in the administrator as to deny him the right to this remedy. The answer cannot be invoked to aid defendant in this issue.

Judgment reversed.