Stephens, administrator, vs. James et al.

Where a person died indebted to divers persons, some of whom claimed priority over others in the payment of their debts, and the administrator, in the exercise of his discretion, continued the business of the decedent until the expiration of the then current year, during which it became necessary, as he alleged, to contract debts to enable him to carry on the business properly; and where suits were pending against him at the instance of some of the creditors holding claims against the intestate, and also at the instance of others on account of indebtedness incurred by the

administrator in carrying on the business of the estate, the facts
made a proper case for a bill to marshal the assets of the estate,
and the holders of debts existing against the estate at the time of
the death of the intestate should have been enjoined from pro-
ceeding until there could be a settlement of the accounts of the
administrator, including not only the ordinary expenses of admin-
istration, but the allowance of any liabilities incurred by the ad-
ministrator in conducting the business of the decedent during the
remainder of the year in which he died.

(*a.*) The administrator had no authority to contract with those hold-
ing claims incurred in carrying on the business of the decedent
so as to bind the estate; but he became individually liable to them,
and they should not be enjoined from prosecuting their demands
against him individually.  He would be entitled to charge the es-
tate with such liabilities, and to have all or such parts of them
allowed him as he may be able to show were proper and neces-
sary to carry on the business for which they were contracted.  The
rank and dignity of these claims he may litigate with the creditors
of the intestate, and the amount and rank of their respective claims
may be ascertained and fixed by decree.

February 26, 1887.

Administrators and Executors.  Equity.  Debtor and
Creditor.  Before Judge MARSHALL J. CLARKE.  Fulton
Superior Court.  September Term, 1886.

Reported in the decision.

REED, REINHARDT & O'NEILL, for plaintiff in error.

HOKE & BURTON SMITH; R. J. JORDAN; RHETT & O'BRYAN;
HILLYER & BRO.; PORTER KING, for defendants.

HALL, Justice.

In all cases where legal difficulties arise as to the distri-
bution of assets in payment of debts, or where from any
circumstances the ordinary process of law would interfere
with the due administration, without fault on the part of
the representative of the estate, a bill to marshal the assets
will be maintained at his instance.  Code, §3146.  The
complainant in this case applies for the direction of the

court, both because of difficulties which have arisen in the distribution of assets in the payment of debts, and because a resort to the ordinary process of law would interfere with the due administration of the estate he represents. This state of things, he alleges, has been brought about by no fault on his part. The intestate died after the commencement of the year, and in the exercise of what he deemed a sound discretion, the complainant, as his administrator, thought it best to continue his business until the expiration of the then current year. This he had a perfect right to do, under section 2545 of the Code. The principal difficulties in administering this estate have grown out of the exercise of this discretion in continuing the business of the intestate for the balance of the year in which he died. It became necessary, as the complainant alleges, to contract debts to enable him to carry on the business profitably. The deceased, at the time of his death, was indebted to divers persons, who were made defendants to this bill, in divers amounts, some of whom claimed priority over others in the payment of their debts. Suits are pending against him at the instance of some of the creditors holding claims against the intestate, and also at the instance of others on account of indebtedness incurred by the administrator in carrying on the business of the estate; and he prays that both these classes of claimants be enjoined.

The chancellor seems to have been of opinion that the difficulties, as to the distribution of assets in payment of the debts of the estate, arose from fault on the part of the complainant, and refused to grant the injunction prayed. We cannot fully concur with this view, but are of opinion that the holders of the debts existing against the estate at his death should have been enjoined until there could be a settlement of the accounts of the administrator, including, not only the ordinary expenses of administration, but the allowance of any liabilities incurred by him in conducting the business of the intestate during the remainder of the year in which the intestate died.

We do not think that he was entitled to an injunction against those holding claims incurred for carrying on the business. He had no authority to contract with such claimants so as to bind the estate. To them he became individually liable; but he is entitled to charge the estate with these liabilities, and to have all or such parts of them allowed him as he may be able to show were proper and necessary to carry on the business for which they were contracted. The rank and dignity of these later claims he may litigate with the creditors of the intestate; and the questions between him and them, it would seem, can only be settled by ascertaining the amounts due to him and to the creditors, respectively, by a decree directing what amounts shall be paid to each of them and assigning the rank of their several claims. Vide Lawton & Willingham et al. vs. Martha E. Fish, ex'x, 51 Ga. 647, where it was held that, "where the testator died in the month of February, 1871, after he had employed hands and made all the necessary arrangements for running his plantation, and the executrix continued the business for the balance of the year, without an order from the court of ordinary, at a loss of $2,700, the chancellor committed no error in sustaining the report of the master allowing her a credit to that amount." See also Brightwell et al. vs. Jordan, 74 Ga. 491, in which this case is cited and approved. So the complainant here should be allowed to retain out of the estate the amount expended in carrying on its business for the current year, although that business may have eventuated in a loss to the estate, unless it is made to appear that the loss was occasioned in consequence of the mismanagement and fault of the administrator, or that he was guilty of any waste or devastavit of the effects coming into his hands for administration in carrying it on. To withhold the injunction and compel the representative of the estate to set up his defence to each suit that might be brought against him by the intestate's creditors, would involve him in vexatious litigation greatly to his own em-

barrassment and the detriment of the estate. All such issues can be better settled by this bill than by pursuing the course here insisted on, and the rights of all parties can be protected by the decree rendered in the case. We therefore direct that all the creditors of the intestate who have brought suit be enjoined from prosecuting the same, and others holding claims not now in suit be likewise enjoined from bringing actions at law, leaving such as extended credit to the complainant after the death of the intestate free to prosecute their demands against the complainant individually, if they shall see proper to do so.

Judgment reversed.