DANIEL, adm'r, v. COLUMBUS FERTILIZER Co. et al.

SIMMONS, C. J.—The facts alleged in the plaintiff's petition to mar-
shal the assets of the estate of his intestate showed sufficient doubt
and uncertainty as to the legal priority of the several claims
against the estate, and enough complication in its affairs, to make
the filing of the petition proper. This being so, it was not without
equity, and it was error to dismiss it upon demurrer.

May 13, 1895.   Brought forward from the last term.     *Judgment reversed.*

Equitable petition. Before Judge FISH. Sumter
superior court. May term, 1894.

The administrator of Job Read brought a petition to
marshal the assets of the estate, praying that its cred-
itors be restrained from instituting suits, that they be
made parties defendant to this petition and their rights
be adjudicated hereunder, etc. It appears from the pe-
tition, that there are about sixteen creditors with various
and conflicting claims, and that the estate is probably
insolvent. Year's support and dower had been set apart
to the widow of Read; and under order of the court of
ordinary, petitioner sold the remainder of the estate,
realizing $2,258 in cash as its entire assets. The cred-
itors of whose claims he had been notified were: the
People's National Bank, by note for $279; the Colum-
bus Fertilizer Co., by note for 1,500 pounds of middling
cotton; H. G. Daniel, by note for $385, by account for
$15.85, and by judgment against petitioner for $300 for
rent or use of farm by Read; various others by notes
and accounts (giving their names and amounts); three
named persons, for labor on Read's farm during the year
of his death; and Mrs. Emily Read, for $280.38 princi-
pal, besides interest for a like or larger amount, she
claiming to be the sole heir of certain of the heirs of
one Caston, of whom Read was administrator, and
claiming that said heirs were not settled with by Read,
and that her claim is in the nature of a trust debt. As

to this petitioner asks direction as to whether it is such, whether it is not barred, etc. He further asks direction as to whether the claims for labor done on the farm have any priority of lien; and as to whether the judgment of H. G. Daniel has priority, it being the result of an arbitration between him and petitioner, touching certain land which Read held under bond for title, without having paid the purchase money due, but having had the use of the land for some time before his death. The petition sets forth in detail the facts as to the arbitration and award which was made the judgment of the court, showing that the same resulted in benefit to the estate, etc. He mentions other priorities claimed by sundry creditors; and alleges that it will be hazardous to undertake the disbursement of the fund in hand, without direction from the court. Most of the creditors named were served with the petition. No answer or appearance was made by any of them except the bank and the fertilizer company, who demurred to the petition for want of equity. The demurrer was sustained, and plaintiff excepted.

J. A. ANSLEY, for plaintiff.
J. H. LUMPKIN, for defendants.