## GAINES *v.* GAINES *et al.*

Where a petition for equitable relief is filed by plaintiffs as heirs at law of a decedent, in behalf of themselves and other heirs at law, and it appears from the copy of the will attached to the petition that the property involved would, if the averments contained in the petition concerning a deed made by the decedent on the same day that he made the will be true, pass under a residuary clause of the will to certain legatees, and not all of these legatees are made parties, and where it appears from the petition that some of the parties plaintiff are not legatees, a demurrer to the petition, containing this ground, is good and should be sustained.

Argued October 10, — Decided October 30, 1902.

Equitable petition. Before Judge Fite. Bartow superior court. January 2, 1902.

*R. J. McCamy* and *J. M. Neel*, for plaintiff in error.
*John W. Akin*, contra.

ADAMS, J. The defendants in error filed their petition for equitable relief against the plaintiff in error, and expressly stated that they did so for themselves and all other heirs at law of the decedent whose estate was represented by the plaintiff in error as executor. The purpose of the proceeding was to have set aside a deed to property of the decedent, which it was claimed the plaintiff in error had procured by fraud and undue influence; and the prayer was that the property covered by this deed be adjudged to be the property of the decedent's estate. To this petition was attached the will of the decedent, in which, after disposing of other property, he directed that his executor convert all the rest and residue of his estate into money, and after paying debts and the expenses of administration, and setting apart a sufficiency to pay a specific legacy provided for in another item of the will, he then divide the balance of the funds of the estate into what the residuary clause calls eight equal shares, which are designated. Some of the legatees named are not made parties in any way, and several of the parties plaintiff are not such legatees. There is no sug-

gestion of a claim in the petition in behalf of any of the parties plaintiff as legatees, and they expressly and in terms make their claim as heirs at law.

If the theory of the plaintiffs be true, then it follows that the deed of the defendant is void, the property thereby sought to be conveyed is still a part of the estate of the testator, and belongs, under the terms of his will, to the residuary legatees.    The two general methods of acquiring title to things real are by descent and by purchase, the latter, in its technical sense, covering every mode of acquisition save only where the title is vested by operation of law.    The differences between claims based upon these titles are essential and fundamental.    A case made by heirs at law is a different case from that made by legatees.    The decision of this court in the case of *Phillips* v. *Rentz,* 106 *Ga.* 249, covers, we think, this case; certainly in principle, even although the facts be not identical.

*Judgment reversed.    All the Justices concurring, except Lumpkin, P. J., absent.*