RAGAN *et al.,* receivers, *v.* SMITH, executor.

1. A suit in equity, at the instance of an executor of an insolvent estate, to marshal the assets and incidentally enjoin pending actions of creditors, may be brought in the county of the residence of any creditor of the estate.

2. Where an action of the character just mentioned is instituted in a county where some of the creditors reside, and the petition mentions them as creditors, and describes the character of their claims, but does not expressly name them as parties defendant, but on the hearing for interlocutory injunction an order is taken making one of them such party, to which no exception is taken, the judgment granting a temporary injunction will not be reversed on the ground that the court was without jurisdiction.

SEPTEMBER 19, 1914.

Injunction. Before Judge Hawkins. Laurens superior court. June 16, 1913.

J. D. Smith died testate, his will was duly probated, and letters of administration were duly issued to T. H. Smith, the nominated executor, in DeKalb County. T. H. Smith, as executor, filed an equitable petition in the superior court of Fulton County, praying certain relief against T. B. Ragan and T. E. Lovejoy, receivers of the Hawkinsville Cotton Mills, and J. C. Cooper. Ragan and Lovejoy, receivers, filed a cross-bill praying for a judgment against T. H. Smith, as administrator, for a large amount of money alleged to be due upon a guaranty of the bonds of the Hawkinsville Cotton Mills. Subsequently the administration of the estate of J. D. Smith was removed from DeKalb to Laurens County. Thereafter

suits were brought in Laurens County against the executor, by J. A. Banks of Fulton County, Georgia, and by the Albany Realty & Investment Company of Dougherty County, Georgia. To these suits the executor filed defenses denying all liability, and a plea of plene administravit præter. Pending these suits the executor, T. H. Smith, filed a petition in equity in Laurens superior court to marshal the assets of the estate, setting forth that the estate was insolvent and could not pay all the claims against it; that many of the claims were disputed; that some creditors were claiming preference in the distribution, and that other creditors disputed this priority. · He prayed for direction in the administration of the estate; that designated creditors, none of whom resided in Laurens County, be required to become parties and have their respective claims determined, and the liability of the estate, if any, thereon fixed in one decree; that Ragan and Lovejoy, as receivers of the Hawkinsville Cotton Mills, be enjoined from further prosecution of their cross-petition in Fulton superior court; that the Albany Realty & Investment Company and James Banks be enjoined from prosecuting their respective suits in Laurens County; and that each and all of the creditors be made parties, and be required to interplead for the purpose of fixing the validity of their several claims and the amount of liability, if any, thereon, as well as the character and dignity of such claims, if it should be found that the estate was liable in any amount on the same. Process was prayed against Ragan and Lovejoy, the former being a resident of Pulaski County and the latter a non-resident of the State. Service was effected upon Ragan by second original. The Albany Realty & Investment Company and James Banks acknowledged service. No service was made upon Lovejoy. Ragan and Lovejoy, as receivers, entered their special appearance for the sole purpose of pleading to the jurisdiction of the court; and on the same day, as recited in the bill of exceptions, the court passed an order, declaring that "the Four Seasons Department Store [without specifying whether same is a corporation, or a copartnership, or a mere trade name], of Laurens County, Georgia, as a representative of a class of resident creditors holding open accounts, and Mallary Machine Company, of Bibb County, Georgia, as a representative of non-resident creditors holding open accounts, be made parties; and directing that each of said parties be served with notice of the bill in said case and said order.

No service has been made upon either the Four Seasons Department Store or Mallary Machine Company." The presiding judge granted a temporary injunction as prayed, and enjoined Ragan and Lovejoy, as receivers of the Hawkinsville Cotton Mills, from prosecuting their cross-action against T. H. Smith, as executor, in Fulton superior court. Ragan and Lovejoy, as receivers, excepted to this judgment, on the ground that the court was wholly without jurisdiction as to them, and that assuming jurisdiction and granting an injunction against them was contrary to law.

*W. L. & Warren Grice* and *Hardeman, Jones, Park & Johnston,* for plaintiffs in error. *Robert L. Berner,* contra.

ATKINSON, J. (After stating the foregoing facts.) It was long ago held by this court, that, for the purpose of marshaling the assets of an insolvent estate, the executor or administrator may file a bill for the purpose of reducing the property to money and ascertaining the order in which the debts are to be paid. *Macon &c. R. Co.* v. *Parker,* 9 *Ga.* 377. A few years later it was held in such a case that equity may interpose, on the application of an administrator, and enjoin suits of creditors. *Beers* v. *Strohecker,* 21 *Ga.* 442. See also *Johnson* v. *Flanders,* 65 *Ga.* 691; *Jeter* v. *Barnard,* 42 *Ga.* 43; *Stephens* v. *James,* 77 *Ga.* 139 (3 S. E. 160). Under the doctrine of these cases, there is no difficulty in holding that the record now under consideration shows proper ground for interposition of equity for marshaling the assets of the estate, and to that end for enjoining other pending actions, and requiring the parties to interplead. The executor could not proceed intelligently with the trial of his plea of plene administravit præter, without ascertaining the condition of the estate with respect to the relation of assets to liabilities. Being an equity suit, the venue may be laid in the county of any defendant against whom substantial relief is prayed. Civil Code, § 6540. Owing to the nature of the relief sought, a suit in the county of the residence of any creditor would be within the contemplation of the law on the subject of the venue of suits. At the commencement of the suit no creditor residing in Laurens county was expressly declared to be a party defendant, nor was process prayed against any such person; but certain persons residing in that county were alleged to be creditors, and their claims were described, and the scope of the petition involved the rights of all creditors. Among these were the Four Seasons Department

Store. Before the interlocutory hearing the judge passed an order making the Four Seasons Department Store a party defendant, to which no exception was taken. On the record as thus presented the suit was against the person thus made a party defendant, as well as those specially named as such in the first instance. While the Four Seasons Department Store was not served with the order making it a party, there was time for service before the trial; and the case is not to be treated as one in which service could not be made upon it. Under these circumstances there was enough to authorize the court to retain jurisdiction, and there was no error in not refusing the interlocutory injunction on the ground that the court was without jurisdiction. No other ground of defense was urged.

*Judgment affirmed. All the Justices concur.*