HAMRICK *et al.* v. PREWETT, executrix.

No. 8708. JUNE 16, 1932.

898

*Lamar Camp* and *A. J. Camp,* for plaintiffs in error.

*Astor Merritt,* contra.

HILL, J. (After stating the facts.)

1. The grounds of special demurrer were that the petition fails to allege what personal property W. F. Prewett had and owned at the time of his death, or its value; and that the petition fails to allege what debts he owed at the time of his death, or what debts the petitioner has incurred as executrix of the estate, when they were made, what they were for, and to whom they are owing, etc. To meet these objections the plaintiff filed an amendment, which was allowed, setting out the personal property, giving description and value thereof, and the nature and amount of the debts, when made, to whom owing, and the amount thereof, etc. In view of this amendment, we are of the opinion that the court did not err in overruling the special demurrer.

2. But it is insisted that the general demurrer should not have been overruled; that the petition fails to set out a cause of action, and that a court of equity has no jurisdiction in a case like the present. We can not agree to this contention. The Civil Code (1910), § 4596, provides: "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests." And see §§ 4597, 4598; *Morrison* v. *McFarland,* 147 *Ga.* 465, 466 (94 S. E. 569) ; *McKinney* v. *Powell,* 149 *Ga.* 422

(100 S. E. 375). "A court of equity shall have concurrent jurisdiction over the settlement of accounts of administrators." § 4075. Courts of equity are loath to interfere in the administration of estates; but having concurrent jurisdiction with the court of ordinary in the settlement of accounts, they will not hesitate to interfere for the full protection of the rights of parties in interest. *Morrison* v. *McFarland,* supra; *Spooner* v. *Bank,* 159 *Ga.* 295, 748. It will be observed that there are no allegations in the petition as to the failure of the devisees under the will of W. F. Prewett to contribute to the support and maintenance of the widow of the deceased, and there is no allegation that the rents and profits of the farm are not sufficient for that purpose; the suit being based upon the allegations that the devisees, each of them, refused to pay one third of the debts on demand, that the two parcels of land mentioned were not of sufficient value to pay the pro rata one third of the debts that were due by the estate, that these debts were proper charges against the estate, that demand for such payment was made and refused, and that there was no personal property with which to pay the same. The demurrer admits the truth of the allegations made in the petition. It is true that the will gave the executrix the authority to sell the share of any particular devisee upon the refusal of such devisee to pay his or her pro rata share of the debts of the estate, but it will be observed that it is alleged in the petition that the shares of Carrie Dunford and Jessie May Spears are not of sufficient value to pay two thirds of the debts, and therefore that the estate is insolvent to that extent, and that it is necessary that the assets be marshaled for the purpose of paying the debts. It will also be observed that under the will the executrix had no authority to sell the land devised to Hamrick for the purpose of paying more than one third of the debts; and each of these devisees refusing to pay, it was proper for the representative of the estate to ask a court of equity to marshal the assets of the estate for the purpose stated in the petition. See *Daniel* v. *Columbus Fertilizer Co.,* 96 *Ga.* 775 (22 S. E. 904). Therefore, in order to bring in the remainder of the estate to pay the balance of the debts due, a petition in equity to marshal the assets of the estate for that purpose is proper.

3. But it is insisted that there is no such common interest in the parties defendant as to render a petition in equity maintainable

against them jointly. This contention is without merit. All the parties defendant in the present suit were interested in the payment of the debts of W. F. Prewett, deceased, each of them being required to contribute one-third of the amount in order to obtain the particular tract of land devised under the will; and there being a joint interest in the debts due by the estate, and in order to avoid a multiplicity of suits, and to have the rights of all the parties at interest in the disposition of the assets of the estate determined in one cause of action, the present suit can not be held to be multifarious. *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (2); *Conley* v. *Buck,* 100 *Ga.* 187, 200 (28 S. E. 97); *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (3) 384 (75 S. E. 418).

4. It is also contended that certain children of the deceased, heirs at law, shown to be non-residents of Georgia, are not necessary parties to the suit; but whether they are necessary parties or not, they are proper parties and no harm could come to the defendants by their being made such.

We are therefore of the opinion that the petition in the present case sets forth a cause of action, and that the facts alleged are sufficient for a court of equity to assume jurisdiction for the purpose of marshaling the assets of the estate.

*Judgment affirmed.* *Russell, C. J., Beck, P. J., and Atkinson and Gilbert, JJ., concur.*