FELTON BEAUTY SUPPLY COMPANY *et al. v.* KLINE; *et vice versa.*

Nos. 10836, 10839. DECEMBER 11, 1935.
REHEARING DENIED MARCH 24, 1936.

*Paul Ginsberg,* for Felton Co.  *W. A. McClain,* contra.

BECK, Presiding Justice. J. M. Kline, doing business as J. M. Kline Company, filed a petition against Mrs. C. F. Veal and Felton Beauty Supply Company, to restrain them from interfering with any contracts after they have been entered into between the plain-

tiff and his customers; for judgment against the defendants in a stated sum; and to enjoin the defendants from further pursuing their practices as alleged. These allegations are, that the plaintiff is a dealer in beauty and barber-supply equipment; that the Felton Beauty Supply Company is similarly engaged, and Mrs. Veal is a saleslady employed by that company. The plaintiff sets forth two instances where, after he had made a bona fide sale of equipment to a customer, and a written contract covering the sale was entered into, the defendants conspired to persuade the parties with whom plaintiff had so contracted to cancel their contracts, which they did, and thereupon contracted with the defendants for the purchase of other and different equipment; that the defendants knew at the time they solicited these contracts for themselves that the named parties were already under contract with the plaintiff for the equipment sold to them by the plaintiff; and the manner of the persuasion by the defendants is set forth. The plaintiff further alleges that the defendants "have, with wanton disregard for the rights of the plaintiff herein, attempted to destroy his business, and are attempting to destroy his business; and unless a court of equity enjoins defendants from further practices of this kind, the plaintiff will be irreparably damaged, and it will be necessary for the plaintiff to sue all of his customers, and thereby alienating his customers so that his business will be destroyed, and a multiplicity of suits will follow."

This petition was demurred to on the grounds, among others, that it fails to set forth any equitable cause of action; that it is uncertain, indefinite, and presents merely the conclusion of the pleader; that insolvency of the defendants is not alleged; that it is not shown that the defendant corporation authorized the acts of its agent, Mrs. Veal, nor is there set forth a collateral agreement between that defendant and Mrs. Veal as to the authority of said agent, but the petition shows she is a saleslady for the defendant corporation; that she is a special agent; that no joint acts of the defendant corporation and its sales agent are alleged to show that they conspired to do the things which the plaintiff says they are doing; that no facts are set forth to substantiate the allegation that the damage to the plaintiff is or will be irreparable; that the petition merely shows that the plaintiff and the defendant are business competitors; that the defendants, according to the allegations,

used legitimate means and proper argument on a competitive basis, and it is not alleged that the defendants employed any illegal means to induce the alleged breach of contracts; and that the petition fails to show the plaintiff is entitled to the equitable relief prayed.

The Felton Beauty Supply Company filed its answer and a cross-petition in which it set forth numerous instances of interference by Kline with contracts made by Felton Beauty Supply Company with its customers, and prayed judgment against Kline in the sum of $10,000, and that he be enjoined from interfering with valid and existing contracts made by the defendant with its customers, and that Kline's agents and employees also be enjoined. To this answer and cross-petition Kline filed his demurrer, in which he claims that the cross-petition fails to set out a cause of action against the plaintiff; that it does not allege that the plaintiff authorized and directed his agents and representatives to do the things charged against him and them, or that they were done with his knowledge and consent; that no reason is shown why the alleged acts should constitute a defense to the plaintiff's suit; that no allegations are made as to acts committed by Kline himself, but the cross-petition merely states that Kline is threatening to interfere with the defendant's business and contracts, etc.

On February 13, 1935, Judge Moore, after hearing evidence, passed an order enjoining Kline and his agents from interfering with any valid contract between Felton Beauty Supply Company and its customers. On March 18, 1935, Judge Edgar E. Pomeroy passed an order enjoining both Kline and Felton Beauty Supply Company from allowing or permitting a named individual to do certain things; permitting both the plaintiff and the defendant to take certain orders for products, but ordering that such orders should not be filled until further order of the court. On March 22, 1935, Judge Humphries passed an order sustaining the demurrers filed by the defendants against the original petition, and the plaintiff's demurrer to the defendants' cross-action. Felton Beauty Supply Company et al. excepted, and Kline filed a cross-bill of exceptions.

1. The court did not err in dismissing Kline's equitable suit. The plaintiff shows no grounds for equitable interference. If he has suffered damages because of the wrongful acts on the part of the defendant company, he has his action at law, and that is ade-

quate; but he is not entitled, under any of the allegations of his petition, to the remedy of injunction. The Code of 1933, § 55-108, declares that the power to grant injunctions "shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." This statutory provision is to be applied in this case. If there were other wrongs pointed out which the defendant company is about to commit, or is threatening to commit, and they are of such a nature as to inflict on the plaintiff injury not compensable in damages, then the remedy of injunction might be invoked. But a court of equity, because a defendant has done wrong in certain alleged instances, will not anticipate similar wrongs which are entirely separate, and will not undertake to control in a general way the acts of the defendant.

2. The defendant filed a cross-action, which was also dismissed, the court below assigning as grounds for dismissal that "the cross-action is not germane to the original petition, and that the injunction sought, having reference to an occasion which has already passed, has become moot." And besides, the cross-action does not state any cause for injunctive relief, for the same reasons stated in the foregoing ruling in reference to the original action.

*Judgments in both cases affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*