HUDSON *et al.,* executors, *v.* TATE *et al.*

No. 12806.   SEPTEMBER 16, 1939.

*Tye, Thomson & Tye,* and *John S. Wood,* for plaintiffs.

*Kennedy, Campbell & Therrell, Hirsch & Smith, Philip Weltner, Morris & Welsch, Roscoe Pickett, Smith & Smith, E. M. McCanless,* and *Jones, Powers & Williams,* for defendants.

BELL, Justice. (After stating the foregoing facts.) The sole question for determination in this case is whether the court erred in refusing an injunction. The case was not decided on demurrer or motion, as was true in several of the cases cited by counsel for the executors. *Irvin* v. *Bond,* 41 *Ga.* 630; *Jeter* v. *Barnard,* 42 *Ga.* 43; *Green* v. *Allen,* 45 *Ga.* 206; *Johnson* v. *Flanders,* 65 *Ga.* 691; *Daniel* v. *Columbus Fertilizer Co.,* 96 *Ga.* 775 (22 S. E. 904); *Gaines* v. *Gaines* 116 *Ga.* 475 (42 S. E. 763); *Hamrick* v. *Prewett,* 174 *Ga.* 895 (164 S. E. 678). Nor did the pleadings or the evidence show such urgent need for injunction as appeared in *Macon & Western R. Co.* v. *Parker,* 9 *Ga.* 377, and *Stephens* v. *James,* 77 *Ga.* 139 (3 S. E. 160). In *Ragan* v. *Smith,* 142 *Ga.* 398 (83 S. E. 119), the only question for decision was whether the grant of an injunction should be reversed on the sole ground that the court was without jurisdiction of the defendants. The Code declares: "In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution." § 37-404. "In all cases where legal difficulties shall arise as to the distribution of assets in payment of debts, or where, from any circumstances, the ordinary process of

law would interfere with the due administration, without fault on the part of the representative of an estate, a petition to marshal the assets shall be maintained at his instance." § 37-405. Neither section declares that an injunction must be granted. The propriety of this relief will depend upon the facts of each particular case, and the general principles of equity as related to injunction. Three of the creditors had already filed suit, for the alleged purpose of protecting the estate, but not to recover judgments upon their debts, the twelve-months exemption period not having expired. There was no evidence that any other creditor had filed suit for any purpose, or intended to do so. At the time the instant proceeding was filed, only a few weeks of the twelve-months exemption period had passed, and it is not to be assumed that any creditor will sue for the purpose of reducing his debt to judgment, before the expiration of such period.

The injury it is sought to prevent by injunction must be more than speculative or contingent, it must be threatened. *Bacon* v. *Walker,* 77 *Ga.* 336, 338; *Fisher* v. *Georgia Vitrified Brick &c. Co.,* 121 *Ga.* 621 (49 S. E. 679) ; *Aiken* v. *Armistead,* 186 *Ga.* 368 (2), 388 (198 S. E. 237). The plaintiffs did not, either in the petition or in their assignments of error, specify any particular party of the many named as defendants, as to whom it is contended an injunction should be issued. It is insisted merely in general and indiscriminate terms that the court erred in refusing an interlocutory injunction. Whether or not the grant of such relief as to any of the defendants would have been authorized in the circumstances, it can not be said, from the record and the assignments of error, that the refusal of it amounted to an abuse of discretion on the part of the judge.

*Judgment affirmed. All the Justices concur, except Reid, C. J., and Atkinson, P. J., disqualified.*