19066. ARMED FORCES SERVICE COMPANY, INC., *et al. v.* PETREE.

WYATT, Presiding Justice. Richard A. Petree filed suit against Armed Forces Service Company, Inc., a Georgia corporation, and T. B. Higdon, a resident of Georgia and one of the incorporators of the defendant corporation, seeking to enjoin the defendants from operating any business under the name of Armed Forces Service Company, Inc., and to cancel the charter of the defendant corporation. Certain named parties sought to intervene, and their petition was allowed subject to objection. The defendant T. B. Higdon was later dismissed as a party defendant by the plaintiff. The contents of the petition filed by the plaintiff need not be fully set out here. It is sufficient to say that the petition alleges as follows: "Petitioner alleges on information and belief that defendants have no organization under said charter." There are other allegations seeking to set up the plaintiff's right to exclusive use of the named Armed Forces Service Company because of his prior use of said trade name, and to set out the defendant's bad faith and fraudulent intent in incorporating under the name Armed Forces Service Company, Inc. A demurrer to the petition was overruled. This ruling, along with other rulings with reference to the intervention and the answer and cross-bill which, in the view we take of this case, need not be set out here, are assigned as error to this court. *Held:*

1. The controlling question in the instant case is whether or not the overruling of the general demurrer to the petition was error. We find upon an examination of the petition and demurrer thereto that the answer to this question is clearly in the affirmative. The petition seeks to enjoin the defendant corporation from using the name Armed Forces Service Company, Inc., in unfair competition with the business of the plaintiff. However, it is alleged that the defendant corporation has no organization under its charter. This means, of course, that the defendant corporation has not and can not enter into any business or do any act, whether in competition with the plaintiff or otherwise, because it is not authorized to do so under the law and has no officers or directors to act for it. A corporation can act only through and by its duly authorized officers. See *Monroe Mercantile Co.* v. *Arnold,* 108 *Ga.* 449 (34 S. E. 176). The petition does not allege that the defendant corporation is in business or is in competition with his business or has in fact done anything to injure the plaintiff or his business. The petition itself alleges facts which show that it is impossible for it to have done so. The allegations of the petition simply amount to an allegation that he fears the defendant corporation will injure him and his business. This court has many times held that the mere apprehension of injury is not ground to enjoin the apprehended act, but that there must be some overt act resulting in irreparable or incalculable injury to the petitioner. See *City of Nashville* v. *Snow,* 204 *Ga.* 371 (49 S. E. 2d 808); *Barge* v. *Camp,* 209 *Ga.* 38 (70 S. E. 2d 360); *Thomas* v. *Mayor &c. of Savannah,* 209 *Ga.* 866 (76 S. E. 2d 796); *Felton Beauty Supply Co.* v. *Kline,* 182 *Ga.* 20 (184 S. E. 703). Since the petition does not allege that the defendant has done anything which in any way has resulted in injury to him or his business, the petition failed to state a cause of action for the relief sought. It was, therefore, error to overrule the general demurrer to the petition.

2. The failure of the petition, as ruled above, carries with it the intervention and the defensive pleadings filed by the defendant and its cross-bill. No ruling is required or made with reference to any question relating to these matters.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1955—DECIDED OCTOBER 10, 1955.

*T. B. Higdon,* for plaintiffs in error.
*William F. Lozier,* contra.