22216. MAYOR & COUNCIL OF CITY OF ATHENS et al. v. MU BETA OF CHI OMEGA HOUSE CORPORATION et al.

ARGUED OCTOBER 14, 1963—DECIDED NOVEMBER 7, 1963.

*Joseph J. Gaines,* for plaintiffs in error.
*Edward F. Kern, Smith, Field, Ringel, Martin & Carr, John E. Talmadge, Julian H. Stewart,* contra.

ALMAND, Justice. In a two-count petition Mu Beta of Chi Omega House Corporation and Mrs. R. T. Segrest sought to enjoin the Mayor & Council of the City of Athens, the city engineer and the inspector of buildings from enforcing an amendment to the city's zoning ordinance or causing to be issued a building permit for the construction of a building in a described area for a use inconsistent with the zoning ordinance as it existed prior to the amendment complained of. On the overruling of the general and special demurrers the defendants, by bill of exceptions, assign error.

In both counts of the petition the plaintiffs alleged that they

were owners of improved real estate located in the 200 and 300 blocks of South Milledge Avenue of Athens which the City of Athens had zoned in 1960 as an Historical Residence District. That on January 1, 1963, the Mayor & Council had purported to enact an amendment to the zoning ordinance to rezone the 100 block of North Milledge Avenue from an H. R., B-1, B-2, R-4 District to a Local Business (B-1) District. That the properties owned by them were in such close proximity to the 100 block of North Milledge Avenue as to be adversely affected by the purported amendment rezoning such block for local business purposes in that their property has declined in value as residential property of an historical nature and will continue to decline as long as said block is zoned for local business purposes; that the presence and commercial operation of structures erected for local business uses with attendant noise, unsightliness, traffic congestion and confusion will cause a decline in the value of their properties and will impair their enjoyment and use of same.

Count 1 asserts that the amendment to the zoning ordinance of January 1, 1963, is null and void because the procedures provided in the General Planning and Zoning Acts (Ga. L. 1957, p. 420; Ga. L. 1959, p. 335; *Code Ann.* § 69-1210) were not followed.

In the other count all of the material allegations of count 1 are adopted. As additional grounds of why the amending ordinance is void, it was alleged that the amending ordinance has no relation to the health, safety or general welfare of the community; that it is discriminatory, arbitrary, unfair, capricious and unreasonable; that the rezoning of this one block was not necessitated by public demand and changing conditions of the neighborhood; and that at the time of its adoption the Mayor of Athens had a direct, personal, financial interest in the rezoning of this block.

The defendants' general demurrers to both counts of the petition were on the ground that it shows only a mere apprehension of injury and fails to show that any person has applied for a building permit in the rezoned area or that the city has under consideration an application for a building permit in that area or that any overt act has been committed by the defendants or

anyone acting under the rezoning ordinance with reference to said area.

A mere apprehension of injury is not a ground on which to enjoin the apprehended act but there must be some overt act resulting in irreparable or incalculable injury to the petitioner. *Armed Forces Service Co. v. Petree,* 211 Ga. 867 (1) (89 SE2d 486). "Mere allegations of speculative or contingent injuries, with nothing to show that they will in fact happen, do not require an injunction." *Rounsaville v. Kohlheim,* 68 Ga. 668 (a) (45 AR 505); *Hudson v. Tate,* 188 Ga. 707, 710 (4 SE2d 577). An injunction will not issue to prevent the consummation of a bare threat which if followed by an overt act would work irreparable injury. *West v. Chastain,* 186 Ga. 667 (198 SE 736). In *City of Atlanta v. Miller,* 191 Ga. 767 (13 SE2d 814) (one Justice dissenting), the petitioners sought to enjoin the City of Atlanta from enforcing the provisions of a zoning ordinance in an area in which the petitioner carried on a business on the grounds that the zoning ordinance was arbitrary, unreasonable, unconstitutional and void. It was alleged that the value of the land involved would be greatly diminished, if not destroyed, if it were zoned to conform with the zoning ordinance. In holding the petition subject to general demurrer, it was pointed out in the opinion that the petition did not contain a single allegation of past or present injury to either of the petitioners resulting from the rezoning ordinance. Though the petition alleged that if the land involved should be divided and conformed to the uses required by the ordinance it would thereby be rendered virtually worthless, such allegations did not constitute averments that such injuries have yet been suffered. It was there said (p. 770): "No claim is made that the mere existence of the ordinance has caused injury to either of the petitioners or the property involved. No prospective purchaser or lessee is alleged to have been lost because of the existence of the ordinance. In this situation, even if the ordinance is conceded to be void, neither of petitioners, failing as they do by this petition to show an injury inflicted upon them by the existence of the ordinance, would be entitled to equitable relief because of any anticipated injury therefrom."

In *Whipkey v. Turner,* 206 Ga. 410 (57 SE2d 481), the plaintiffs, as property owners in an area zoned by the City of

Savannah for residential use only, sought to enjoin the city and one Whipkey, to whom a permit for the erection of a drugstore had been issued, on the ground that the resolution amending the zoning ordinance under which the permit was granted was void for stated reasons and would tend to damage the plaintiffs by lowering the value of their property and other property in the area. In holding the petition subject to the general demurrer of the city this court said (p. 414): "Under the allegations of the petition it clearly appears that no cause of action was stated against the city. It was not alleged that the city was doing, or would do, any further act with reference to the passage of an ordinance or the granting of a building permit in the zoned area. The city had already acted, after advertisement, notice, and public hearings. There were no allegations in the petition to show that the city had any interest in the construction of the drugstore building. Courts can not restrain that which has already been done; and it appearing from all of the allegations of the petition that the acts of the city complained of were fully consummated, there were no grounds for injunction against the city, and the court erred in overruling the general demurrers of the city."

In the instant case there is no allegation that the city or any third person has done any act or threatened to do any act under the amending zoning ordinance in block 100 of North Milledge Avenue. Construing the petition most favorably to the plaintiffs, it simply charges that the city has enacted a void ordinance under which neither the city nor anyone else acting under the provisions of the ordinance has done or even threatened to do any act which will injure the property of the plaintiffs. For aught that appears, the city may never permit a local business in this area, or it may repeal the ordinance. At the most the petition seeks by writ of injunction a judgment invalidating the amendment to the zoning ordinance.

Since the petition is based upon a mere apprehension that the city will enforce the ordinance by permitting others to act under it, this case falls within the rule that a mere anticipation of future injury to property rights will not authorize injunctive relief.

The court erred in overruling the general demurrers on the grounds discussed in this opinion.

*Judgment reversed. All the Justices concur.*